## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

_____

FRED BARBER,
an Individual

        Plaintiff,

                                     File No. 08-      -CB

-vs-

                                     HON.

JAMES TUSSEY, SCIENTIFIC RETAIL
SYSTEMS, INC., Jointly and Severally

        Defendants.

_____/

SMITH BOVILL, P.C.
BY: ROBERT A. JAREMA (P31537)
ANDREW D. CONCANNON (P49336)
Attorneys for Plaintiff
200 St. Andrews Road
Saginaw, MI  48638
(989) 792-9641

_____/

## VERIFIED COMPLAINT

## JURISDICTIONAL ALLEGATIONS

1.    Plaintiff is an individual residing in the County of Jackson, State of Georgia.

2.    Defendant, SCIENTIFIC RETAIL SYSTEMS, INC., is a duly authorized Michigan corporation with its headquarters in the County of Tuscola, State of Michigan.

3.    Defendant James Tussey is an individual residing in the County of Tuscola, State of Michigan.

4.    Diversity of citizenship exists between the plaintiff and all defendants. Jurisdiction is conferred on this Court by 28 USC 1332.

5.    Venue is proper in the Northern Division of the United States District Court, Eastern District of Michigan, as the defendants all reside or have their principal place of business in this District.

6.    The amount in controversy exceeds $75,000.00 exclusive of costs and interest, thus placing jurisdiction in this honorable Court.

## COMMON ALLEGATIONS

7.    Plaintiff realleges and incorporates herein its allegations in paragraphs 1-6 as set forth above.

8.    Fred Barber is a shareholder of SCIENTIFIC RETAIL SYSTEMS, owning approximately 33.98 % of outstanding shares.

9.    Defendant James Tussey is a shareholder of SCIENTIFIC RETAIL SYSTEMS, owning approximately 50.96 % of outstanding shares.

10.    The remaining shares are owned be several other individuals.

### COUNT I - VIOLATION OF MCL 450.1489 (SHAREHOLDER OPPRESSION) AGAINST SCIENTIFIC RETAIL SYSTEMS AND JAMES TUSSEY

11.    Plaintiff realleges and incorporates herein its allegations in paragraphs 1-10 as set forth above.

12.    Until April 2, 2007, Fred Barber was an officer and director of SCIENTIFIC RETAIL SYSTEMS, (hereinafter "SRS").

13.    From the time of his initial investment into SRS, the plaintiff had been

afforded a substantial voice in the operations of the company.

14.     The plaintiff's compensation was based on his percentage of shares for profit sharing, not merely his employment responsibilities in the office.

15.     Due to a falling out between Mr. Tussey and Mr. Barber in the summer of 2006, Mr. Tussey began to attempt to limit the involvement of the plaintiff in the daily affairs of the company.

16.     Defendant James Tussey - - in his capacity as majority shareholder of SRS - - attempted to cut, by more than fifty percent, the pay for the plaintiff (which represented the whole of his compensation for his ownership interest in the company).

17.     As the relationship between the parties continued to deteriorate, the plaintiff eventually left his employment.  In the winter of 2007 defendant Tussey - - again in his capacity as majority shareholder - - called for a meeting on April 2, 2007 to vote on a new Board of Directors and, particularly, to amend the Bylaws to provide for only one Director.

18.     Notwithstanding the request of Mr. Tussey to have the meeting rescheduled to accommodate his own personal schedule and needs, the meeting did go forward on April 2, 2007 at which time Mr. Tussey moved to have himself declared as the sole Director of the company.  The motion carried by majority as the defendant Tussey voted in favor of the motion, with his 50.96% of the shares, and Mr. Barber was ousted as a director of SRS.

19.     Since that time Mr. Barber has received no compensation from SRS whatever.

20.     Defendant Tussey also was responsible for the following conduct:

      a.     Seeing to it that no dividends would be paid to shareholders;

      b.     Draining corporate assets by paying himself excessive salary;

      c.     Depriving minority shareholders of employment;

      d.     Reorganizing the structure of the Board of Directors of the corporation to the detriment of the shareholders and the plaintiff herein;

      e.     Misused funds of SRS to fund liabilities/expenses of another entity in which the plaintiff has no interest- Plus Care, LLC.

      f.     Misused funds of SRS to fund liabilities/expenses of another entity- Intermed, LLC.

      g.     Other acts as may become known during discovery.

21.     The actions of James Tussey constitute conduct which is willfully unfair, illegal and oppressive towards the plaintiff and such conduct is in violation of MCL 450.1489 and has caused the plaintiff damages.

22.     MCL 445.1489 allows the Court to provide to an oppressed shareholder of a corporation relief, including dissolution or liquidation of the assets of the corporation, the award of damages and/or equitable relief compelling the payment of dividends or allowing appointment of a Receiver to manage the assets of the corporation.

WHEREFORE, the plaintiff respectfully requests the following relief:

A.     Judgment in an amount to which the Court deems proper under the circumstances together with costs and attorney fees so wrongfully sustained;

B.     An Order directing James Tussey  not to undertake specific actions which

would be to the detriment of the plaintiff and/or the corporation or, in the alternative, an Order prohibiting said conduct;

C.      An Order cancelling or altering the amendment to the bylaws of the corporation orchestrated by James Tussey;

D.      An Order providing that the plaintiff's shares in Scientific Retail Systems, Inc be purchased at a price determined by the Court to represent the fair value of the shares;

E.      An Order appointing a Receiver to manage the business affairs of the corporation until further Order of the Court;

F.      An Order of Dissolution and Liquidation of the corporation, upon payment of creditors and sale of assets;

G.      Any and all further relief deemed appropriate by the Court.

## COUNT II - BREACH OF FIDUCIARY DUTY-JAMES TUSSEY

23.      Plaintiff realleges and incorporates herein its allegations in paragraphs 1-22 as set forth above.

24.      As the majority and controlling shareholder, defendant Tussey owed a fiduciary duty to the plaintiff of the following:

A.      Duty of loyalty;

B.      Duty of care;

C.      Duty of good faith and fair dealing;

25.      The defendant has breached his duties to the plaintiff and also acted contrary to the best interests of the corporation.

26.      Due to the conduct of the defendant, the plaintiff has sustained damages.

WHEREFORE, the plaintiff respectfully requests:

A.      Judgment in an amount to which the Court deems proper under the

circumstances together with costs and attorney fees so wrongfully sustained.

B.    An Order appointing a Receiver to manage the business affairs of the corporation until further Order of the Court;

C.    An Order of Dissolution and Liquidation of the corporation, upon payment of creditors and sale of assets.

D.    Any and other further relief deemed appropriate by the Court under the circumstances.

Dated: May 29, 2008                    SMITH BOVILL, P.C.


                                       BY:  s/Andrew D. Concannon_____
                                             ANDREW D. CONCANNON (P49336)
                                       Attorneys for Plaintiff
                                       Smith Bovill, P.C.
                                       200 St. Andrews Road
                                       Saginaw, Michigan   48603
                                       (989) 792-9641
                                       aconcannon@smithbovill.com
                                       P49336